UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON MICHAEL OLIVER, | No. 2:14-cv-0869 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JAMES F. REILLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at California State Prison-Corcoran proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Several problems beset this action.

First, plaintiff's application to proceed in forma pauperis is incomplete. The certificate portion of the request, which must be completed by plaintiff's institution of incarceration, has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Therefore, plaintiff will be provided the opportunity to submit a completed in forma pauperis application, including a certified copy of his prison trust account statement.

Second, the complaint does not appear to state a potentially cognizable claim, and it appears that the defects of the complaint cannot be cured by amendment. *Plaintiff is so informed at this time so that he may choose to voluntarily dismiss this action and save the $350 filing fee*

1

1 *that will otherwise be periodically deducted from his prison trust account.*

2 The complaint states that plaintiff did not exhaust his administrative remedies before bringing this action because "this is not an institutional issue." (ECF No. 1 at 2.)  Rather, plaintiff is seeking 25 million dollars in punitive damages against three superior court officials associated with his conviction,[1] specifically, Butte County Superior Court Judge James Reilly, District Attorney Michael Ramsey, and Public Defender Robert Marshall.  Plaintiff alleges that his rights under the First Amendment and Due Process Clause were violated because the action against him proceeded despite defendants knowing (as allegedly demonstrated on the record) that plaintiff was confused.  Plaintiff states that he is deaf and has a learning disability.

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  Similarly, prosecutors are absolutely immune from civil suits for damages under Section1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Finally, public defenders representing criminal defendants do not act under color of state law for purposes of Section 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  For these reasons, the court finds no potentially cognizable claim in the instant complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the filing date of this order, plaintiff may submit a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, together with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint; OR plaintiff may request voluntary dismissal of this action.

---

[1] Plaintiff's conviction, for conduct that occurred in February 2012, was affirmed by the California Court of Appeal on October 21, 2013.  See People v. Oliver, 2013 WL 5702376 (3d Dist. 2013).

      2.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

      3.  Failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  April 11, 2014

/oliv0869.3c+new+noclaim

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE