UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON MICHAEL OLIVER, | No. 2:14-cv-0869 JAM KJN P |
| Plaintiff, | |
| v. | ORDER and |
| JAMES F. REILLEY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this action filed pursuant to 42 U.S.C. 1983. On April 11, 2014, this court informed plaintiff of the incurable deficiencies in his complaint and accorded him leave to request voluntary dismissal of this action without paying the filing fee or submitting an application to proceed in forma pauperis. (ECF No. 4.) On May 20, 2014, this court recommended the dismissal of this action due to plaintiff's failure to timely respond to the court's April 11, 2014 order. (ECF No. 7.) Thereafter, plaintiff filed an application to proceed in forma pauperis. (ECF No. 8.)

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
6  1915(b)(2).

7       This court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
20 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
21 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
22 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
23 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
24 this standard, the court must accept as true the allegations of the complaint in question, Hospital
25 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
26 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
27 McKeithen, 395 U.S. 411, 421 (1969).
28 ////

This court again finds that plaintiff's complaint fails to state a potentially cognizable claim, for the reasons previously stated (ECF No. 4 at 2 (fn. omitted)):

> The complaint states that plaintiff did not exhaust his administrative remedies before bringing this action because "this is not an institutional issue." (ECF No. 1 at 2.) Rather, plaintiff is seeking 25 million dollars in punitive damages against three superior court officials associated with his conviction, specifically, Butte County Superior Court Judge James Reilly, District Attorney Michael Ramsey, and Public Defender Robert Marshall. Plaintiff alleges that his rights under the First Amendment and Due Process Clause were violated because the action against him proceeded despite defendants knowing (as allegedly demonstrated on the record) that plaintiff was confused. Plaintiff states that he is deaf and has a learning disability.
>
> The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the "'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). Similarly, prosecutors are absolutely immune from civil suits for damages under Section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Finally, public defenders representing criminal defendants do not act under color of state law for purposes of Section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). For these reasons, the court finds no potentially cognizable claim in the instant complaint.

The undersigned further finds that the deficiencies in the complaint cannot be cured by amendment. Dismissal without leave to amend is appropriate when it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Hishon, supra, 467 U.S. at 73. Therefore, the undersigned again recommends dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. This court's findings and recommendations filed May 20, 2014 (ECF No. 7), are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF 8), is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

////

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

In addition, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2014

/oliv0869.dsms.2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE